UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JASON M. PARKER,
    Plaintiff,

v.                                                                                                      Case No. 17-C-953

KENOSHA COUNTY SHERIFF'S
DEPARTMENT, et al.,
    Defendants.

## ORDER

Plaintiff Jason M. Parker, who was formerly confined at the Kenosha County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint. Docket Nos. 2 & 1. It also addresses, but does not resolve, his motion to appoint counsel. Docket No. 7.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. On July 13, 2017, U.S. Magistrate Judge William E. Duffin (the judge assigned to the case at that time) ordered plaintiff to pay an initial partial filing fee of $36.45. Plaintiff paid that fee on July 26, 2017. As such, I will grant his motion to proceed without prepayment of the full filing fee. Plaintiff must pay the remainder of the filing fee.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Plaintiff's complaint alleges that named defendants, Kenosha County Sheriff's Department, Kenosha County Detention Center, Kenosha County Correctional Health Services (KCCHS), and Kenosha County Jail Pre-Trial Facility, deliberately and continually retaliated against him for filing a sexual abuse case against one of the officers in November 2016. Plaintiff alleges he has been suffering "mentally, physically, and emotionally." He alleges that defendants have deprived him of his "rights, privileges, and immunities," ignored his sentence, and subjected to him cruel and unusual punishment by placing him segregation and keeping him on intake blocks. Keeping him on intake blocks deprived him of numerous privileges, such as better food, fresh air, clothing, and work programs. Plaintiff also alleges that KCCHS deliberately ignored his medical needs.

*Analysis*

Plaintiff's complaint lists numerous conclusory allegations against the defendants. While plaintiff may have claims, he does not sufficiently state them here. There is no way for the court to draw any reasonable inferences about specific incidents of constitutional violations. Construing the complaint liberally, it seems that plaintiff may have claims for retaliation, deliberate indifference to medical needs, and cruel and unusual punishment under either the Fourteenth or Eighth Amendment (depending on plaintiff's status at the time of the event(s)).

It is not clear whether or when plaintiff was a pretrial detainee rather than a convicted prisoner. But either way, in order to state a retaliation claim, plaintiff must demonstrate 1) that he engaged in an activity protected by the First Amendment; 2) that he suffered some sort of a deprivation that would be likely to deter him from engaging in

that activity in the future; and 3) that the protected activity was at least a motivating factor in the defendant's decision to take retaliatory action against him. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009); *see also Potts v. Moreci*, 12 F. Supp. 1065, 1073 (N.D. Ill. 2013) (applying standard to pretrial detainee).

The requirements for stating a claim for deliberate indifference are the same whether plaintiff was a pretrial detainee or serving a sentence. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000). Prison officials violate the proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). *Id.*

Finally, the Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See, e.g.*, *Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015). The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *Id.* at 309-10. Like a medical deliberate-indifference claim, a conditions-of-confinement claim has both an objective and a subjective element. *Farmer v. Brennan*, 511 U.S. 825, 834, 837, 842 (1994). First, plaintiff must show that the conditions deny him "the minimal civilized measure of life's necessities." *Id.* at 834. Second, he must show that the defendant(s) acted purposely, knowingly, or recklessly with respect to their actions (or inactions) towards plaintiff.

4

*Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (internal citation and quotation omitted).

Plaintiff also sues only institutional defendants. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, plaintiff should name as defendants only those individuals who were directly involved in the alleged deprivations.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **March 4, 2018**. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, the court will screen it pursuant to 28 U.S.C. § 1915A.

*Plaintiff's Motion to Appoint Counsel*

Plaintiff has requested that I appoint him an attorney. I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Because plaintiff's complaint must be amended if he wishes to proceed, I cannot accurately determine whether the case is too factually and legally complex for plaintiff to represent himself. While his numerous other filings with the court suggest that he is more than capable of presenting his claims and engaging in the required tasks that go along with litigating a case, I will defer ruling on the motion until, and if, plaintiff files an amended complaint.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 4, 2018**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that plaintiff pay the $313.55 balance of the filing fee as he is able. The payments should be sent to the address below and shall be clearly identified by the case name and number assigned to this action.

        Office of the Clerk
        United States District Court
        Eastern District of Wisconsin
        362 United States Courthouse
        517 E. Wisconsin Avenue
        Milwaukee, Wisconsin 53202

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

        /s Lynn Adelman
        LYNN ADELMAN
        United States District Judge